## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

IN RE:

CARDIAC MANAGEMENT SYSTEMS                 CASE NO.: **08-19029-BKC-LMI**
INC., et al                                                      (Substantively Consolidated)
                                                                          CHAPTER 7

Debtor(s) _____/

## SUMMARY OF FINAL FEE APPLICATION OF
## ACCOUNTANT FOR CHAPTER 7 TRUSTEE, TO APPROVE PAYMENT
## OF PREVIOUSLY AWARDED FEES AND AWARD OF HOLDBACKS

1.    Name of applicant: ..........................................................................Marcum, LLP
2.    Role of applicant: .............................................................. Accountant for Trustee
3.    Name of certifying professional:.................................................... John L. Heller
4.    Date case filed: .....................................................................................June 30, 2008
5.    Date case converted:.....................................................................November 13, 2008
6.    Date of application for employment:........................... November 05, 2008 *Nunc Pro Tunc*
7.    Date of order approving employment: ........................ November 17, 2008 *Nunc Pro Tunc*
8.    If debtor's counsel, date of Disclosure of Compensation form:......................................N/A
9.    Date of this application: ........................................................................ March 2, 2018
10.   Dates of services covered:........................................................... 04/15/13-01/05/18
10a.  Total cash amount Trustee has on hand, (approximately):  ................................$665,341.44

**Fees...**

11.   Total fee requested for this period: .................................................................$24,190.50
11.5  Less Voluntary Fee Reduction ..........................................................................$2,690.50
12.   Balance remaining in fee retainer account, not yet awarded: ........................................$0.00
13.   Fees paid or advanced for this period, by other sources (Merrill Lynch): ...................$0.00
**14.   Net amount of fee requested for this period (from Exhibit 1): ......................$21,500.00**

**Expenses...**

15.   Total expense reimbursement requested for this period: .........................................$246.42
16.   Balance remaining in expense retainer account, not yet received: ...............................$0.00
17.   Expenses paid or advanced for this period, by other sources: ......................................$0.00
**18.   Net amount of expense reimbursements requested for this period:...................$246.42**
19.   Gross award requested for this period (#11 + #15):............................................$21,746.42
**20.   Net award requested for this period (#14 + #18):............................................$21,746.42**
21.   If <u>Final</u> Fee Application, amounts of net awards requested
      in interim applications but <u>not previously awarded</u>
      (total from History of Fees and Expenses, following pages): ...........................**$313,353.09**
**22.   Total fee and expense award requested (#20+#21): .......................................$335,099.51**

**History of Fees and Expenses**

First Interim Fee Application

1.  Dates, sources, and amounts of retainers received: ....................................................N/A
2.  Dates, sources, and amounts of third party payments received: ....................................N/A
3.  Interim Fee Application dates of service: ................................................11/13/08-04/10/09
4.  Date of first award ............................................................................... August 7, 2009
5.  Fees requested from Interim Fee Application: ..........................................$147,566.50
6.  Fees awarded..........................................................................................$147,566.50
7.  Holdback: ................................................................................................$30,747.75
8.  Expenses requested from Interim Fee Application: .....................................$943.48
9.  Expenses awarded: ...................................................................................$943.48
10. Holdback: ...................................................................................................$0.00
11. Amount of fees actually paid: ..............................................................$116,818.75
12. Amount of expenses actually paid: ........................................................ $943.48

Second Interim Fee Application

1.  Dates, sources, and amounts of retainers received: ...................................................N/A
2.  Dates, sources, and amounts of third party payments received: ................................ N/A
3.  Interim Fee Application dates of service: ......   April 11, 2009 through September 30, 2009
4.  Date of second award ..................................................................... November 5, 2009
5.  Fees requested from Interim Fee Application: ...........................................$69,503.00
6.  Fees awarded: ..........................................................................................$69,503.00
7.  Holdback: ................................................................................................$13,900.60
8.  Expenses requested from Interim Fee Application.....................................$211.04
9.  Expenses awarded:.................................................................................... $211.04
10. Holdback: ...................................................................................................$0.00
11. Amount of fees actually paid: .............................................................. $55,602.40
12. Amount of expenses actually paid: .........................................................$211.04

Third Interim Fee Application

1.  Dates, sources, and amounts of retainers received: ...................................................N/A
2.  Dates, sources, and amounts of third party payments received: ...............................N/A
3.  Interim Fee Application dates of service: ....  October 1, 2009 through November 26, 2010
4.  Date of third award .........................................................................January 14, 2011
5.  Fees requested from Interim Fee Application: ..............................................$80,968.00
6.  Fees awarded: ...........................................................................................$64,774.40
7.  Holdback:............................................................................................... $16,193.60
8.  Expenses requested from Interim Fee Application:..................................... $3,041.03
9.  Expenses awarded:.................................................................................. $3,041.03
10. Holdback: ...................................................................................................$0.00
11. Amount of fees actually paid: .............................................................$64,774.40
12. Amount of expenses actually paid: ......................................................$3,041.03

Fourth Interim Fee Application

1.    Dates, sources, and amounts of retainers received: ................................................N/A
2.    Dates, sources, and amounts of third party payments received: ................................N/A
3.    Interim Fee Application dates of service:.......................................... 01/01/10 – 09/09/11
4.    Date of fourth award ........................................................... December 21, 2011
5.    Fees requested from Interim Fee Application: ...............................................$385,240.00
6.    Fees awarded: ...............................................................................$200,000.00
7.    Holdback:................................................................................... $235,240.00
8.    Expenses requested from Interim Fee Application:................................... $3,514.92
9.    Expenses awarded:...................................................................... $3,041.03
10.   Holdback: ...................................................................................$473.89
11.   Amount of fees actually paid: ...................................................$150,000.00
12.   Amount of expenses actually paid: ..................................................$3,041.03

<u>Fifth Interim Fee Application</u>

1.    Dates, sources, and amounts of retainers received: ................................................N/A
2.    Dates, sources, and amounts of third party payments received: ................................N/A
3.    Interim Fee Application dates of service:................................................ 10/11/11-04/10/13
4.    Date of fifth award ........................................................................July 12, 2013
5.    Fees requested from Interim Fee Application: ...............................................$85,486.25
6.    Fees awarded: ...............................................................................$68,689.00
7.    Holdback:................................................................................... $16,797.25
8.    Expenses requested from Interim Fee Application:.................................... $36.99
9.    Expenses awarded:...................................................................... $36.99
10.   Holdback: ...................................................................................$0.00
11.   Amount of fees actually paid: ...................................................$68,689.00
12.   Amount of expenses actually paid: ..................................................$36.99

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE:

CARDIAC MANAGEMENT SYSTEMS                CASE NO.: **08-19029-BKC-LMI**
INC., et al                               (Substantively Consolidated)
                                          CHAPTER 7

Debtor(s)                      /

**FINAL FEE APPLICATION OF**
**ACCOUNTANT FOR CHAPTER 7 TRUSTEE, TO APPROVE PAYMENT**
**OF PREVIOUSLY AWARDED FEES AND AWARD OF HOLDBACKS**


     COMES NOW John L. Heller, CPA, of Marcum, LLP, and files this Final Application

for Compensation of fees for services rendered and costs incurred in this Chapter 7 proceeding.

This application is filed pursuant to 11 U.S.C. subsection 330 and Rule 2016, Federal Rules of

Bankruptcy Procedure, and meets all of the requirements set forth in the Guidelines incorporated

in Local Rule 2016-1(B).  The exhibits attached to this application, pursuant to the Guidelines,

are: Exhibits "1-A" and "1-B" – Summary of Professional and Paraprofessional Time and

Exhibit "3" – The Applicant's Complete Time Records, in chronological order, by activity code

category, for the time period covered by this application.  The requested fees are itemized to the

tenth of an hour.

     The applicant believes that the requested fee of **$24,190.50** for **99.8** hours worked less a

voluntary fee reduction of **$2,690.50** for a net fee request of **$21,500.00**, is reasonable

considering the twelve factors enumerated in Johnson v. Georgia Highway Express, Inc., 488

F.2d 714 (5th Circuit 1974), made applicable to bankruptcy proceedings by In re First Colonial

Corp. of America, 544 F.2d 1291 (5th Cir. 1977), as follows:

     1.     Barry E. Mukamal of Marcum LLP was appointed to represent Kenneth Welt,

Chapter 7 Trustee, in connection with this case pursuant to an order entered by this Court on

November 17, 2008 *Nunc Pro Tunc* to November 3, 2008.  The services rendered on behalf of the Trustee have been performed by Alan Barbee, Partner; John L. Heller, Director; Teresa Licamara, Senior Manager; Kathy Foster Manager; Richard M. Weingarten, Supervisor; Jonathan Charles Eargle, Senior Advisor; Samuel Roman, Staff Accountant; Janet Pritchard and Lupe Arce-Solorzano; Associates; and Cherryl L. McGlynn, Paraprofessional.

2.      The Applicant makes this Application for final compensation for professional services rendered in accordance with the above-mentioned employment.  This application covers fees for services performed from April 15, 2013 through January 4, 2018.  All services for which compensation is requested were performed for the benefit of the Debtor's Estate.

3.      No compensation has been or will be shared with any person or party, other than among principals and regular associates of the Applicant.  No agreement or understanding exists between Applicant and any other person for the sharing of compensation received or to be received for services rendered or in connection with this case.

## CASE STATUS

4.      On June 30, 2008, Cardiac Management Systems, Inc. ("Cardiac"), et al and its fourteen (14) affiliate entities (collectively, the "Debtors"), filed voluntary petitions for relief under Chapter 11 of the United Stated Bankruptcy Code.

5.      The Debtors, along with fifteen (15) other non-Debtor affiliates, were in the business of providing diagnostic imaging services in the South Florida region, encompassing Miami-Dade, Broward and Palm Beach Counties, through their five imaging centers under the name Diagnostic Testing Group, Inc. ("DTG").  DTG provided Magnetic Resonance Imaging ("MRI"), Computed Axial Tornography ("CT"), nuclear medicine, ultrasound and stress testing services.  Each Facility is enrolled in the Medicare program as an Independent Diagnostic Testing Facility and licensed as a Florida health care clinic under Florida law by the Florida Agency for Health Care Administration ("AHCA") and has a valid provider agreement with the Centers for Medicare and Medicaid ("CMS") and managed care contracts with other payors.

6.      Prior to the Petition date, Merrill Lynch Commercial Finance Corp ("Merrill") made certain loans to Cardiac pursuant to a Working Capital Management Account Loan and Security Agreement ("the working capital loans"), which working capital loans were secured by substantially all of the Debtors assets, other than certain equipment financed by other secured creditors.  Additionally, Merrill continued to provide post petition secured working capital loans to the Debtor pursuant to the Order (I) Authorizing Continued Secured Post Petition Financing, (II) Granting Senior Liens And Super priority Administrative Expense Status; (III) Granting Limited Relief From The Automatic Stay, And (IV) Granting Related Relief (the "DIP Financing Order").

7.      On October 20, 2008, the Debtors sold substantially all of their assets pursuant to a 11 U.S.C. §363 sale approved by order of the Bankruptcy Court (D.E. #442) to Health Diagnostics Holding of Florida, LLC ("HD") ("the sale").  Assets excluded from the sale, included the accounts receivable ("AR") that secured Merrill's loans and assets outside of Merrill's lien, such as avoidance actions ("other assets").

8.      On October 27, 2008, the sale to HD became effective and on the same date Kenneth A. Welt was appointed as Chapter 11 Trustee of the Debtors.

9.      As a result of the sale, the Debtors entered into a Transition Service Agreement with HD (the "TSA") in connection with issues relative to the transition of the Debtors business operations to HD.  In order for the transition of the business operation to be complete, HD must obtain licensure as a Healthcare Clinic by AHCA.  Until such time, HD is permitted to utilize the Debtors license and bill under their Medicare, Medicaid and Managed Care (collectively the "Providers") provider contracts pursuant to the TSA.  Due to this arrangement, provider payments related to services provided by HD will be remitted to the Debtor along with payments related to pre sale services provided by the Debtor.  As a result, Merrill is also a party to the TSA, solely for the purpose of section 6 of the agreement, which deals with the Debtors operating accounts and the collection and reporting of the Debtors AR (Merrill's collateral).

10.    Additionally,  the Trustee and Merrill entered into a Carve-out and Sharing Agreement (the "Sharing Agreement"), which outlines the Trustee's agreement with Merrill in connection with the liquidation of Merrill's collateral (the AR), allocation of the collateral proceeds, allocation of the other assets, application of the collateral proceeds and the term of agreement.  In connection with the Sharing Agreement, Merrill agreed to fund the operating expenses associated with the Trustee's liquidation of the AR for an initial term of three months, which has been subsequently extended through September 2009 ("the Budget").

11.    On November 13, 2008 an order was entered converting the Cases to Cases under Chapter 7 (D.E. #501) ("the Conversion date"). And on November 14, 2008, the office of the United States Trustee appointed Kenneth A. Welt as Chapter 7 Trustee for the Debtor's Estates.

12.    On December 22, 2008 the Order Granting Chapter 7 Trustee's Expedited Motion for Entry of An Order: (I) Authorizing the Trustee to Vote and/or Exercise Any and All Rights Arising From or Related to the Debtors Stock, Membership, Partnership and Other Interests in Business Entities: And (II) Shortening Time For Notice to Creditors and Interested Parties Pursuant to Fed.R.Bank.R.P. 2002(a)(2) was entered (D.E. #545) (the "Order regarding non-Debtor entities"), which listed the fifteen non-Debtor affiliates (collectively the "non-Debtor affiliates").

13.    On February 9, 2009 an Order was entered approving the retention of the law firm Genovese, Joblove & Battista, P.A. ("GJB" or "Special Counsel") as special litigation counsel to the Trustee for purposes of evaluating potential claims of the Estate against the Debtors' Directors and Officers ("D&O") and preparing an initial report of litigation finding to the Trustee.  Based on Special Counsel's report of litigation findings, the Trustee decided to pursue certain D&O claims.  The Trustee recently settled the D&O action for a payment of $275,000.

14.    In addition to the D&O claims, Special Counsel evaluated and filed causes of action against the Debtor's former auditors, BDO Seidman, LLP ("BDO").  The Trustee settled with BDO for $2.4 million, of which the estate is expected to receive the net amount of $900,000

after the payment of litigation expenses and amount that will be paid to Merrill Lynch under the sharing agreement, which agreement is discussed below under "Accounting Malpractice".

15.    On May 11, 2010, the Trustee filed a Motion to Substantively Consolidate (DE 973) the Debtors individual cases, which Motion was ordered on June 15, 2010 (DE 993).

The Trustee filed 16 preference adversaries, which have been settled, resulted in the recovery of approximately $247,000 for the benefit of the estate.  Trustee is preparing to file a motion to distribute approximately $180,000 open items funds between Merrill and the Estate pursuant to the sharing agreement, which if approved by the court, will result in the Estate receiving approximately $45,000.  The Trustee has begun reconciling claims and filing objections to claims, where appropriate.  The estate action against BDO is expected to be heard by the arbitration panel during 2012.  The Merrill Lynch action against BDO is pending in State Court and a trial has not set.

Case Administration

The Applicant has rendered **2.0** hours amount to **$573.50** in fees in connection remaining issues for case closing, the review of invoices and employee records, and corresponding with Trustee.

Fee Application

The Applicant has rendered **30.7** hours amounting to **$5,375.00** in fees in connection with the preparation of the Fifth Interim Fee Application and attending the fee hearing and the preparation and review of this Final Fee Application.

 Litigation Consulting

Applicant has rendered **4.2** hours amounting to fees of **$1,129.00** in fees providing data to counsel regarding 90 day targets and confirmation of amounts and searching payroll records.

Tax Issues

The Applicant has rendered **62.9** hours amounting to **$17,113.00** of tax services to the Trustee in connection with analyzing previous CT-3-S New York Tax Return and prepared

responses to Tax Notices. Prepare amended NYS CT-3-S FYE 9/30/09 Tax Return. Finalize the consolidated trial balance used in connection with tax compliance.

The applicant prepared the Debtors extensions and consolidated tax return for the years ending September 30, 2012, September 30 2013 and September 30, 2014 along with the supplement statements and prompt determination letters.

17. <u>Time and Labor Required</u>. The actual time records maintained by each partner, principal, manager, senior and staff accountant, and/or paraprofessional performing services for the Trustee fully document the **99.8** hours expended by the Applicant in performing the professional services on behalf of the Trustee on this matter through January 5, 2018. These time records do not reflect every hour expended in matters such as telephone calls, routine correspondence, brief conferences and responses to taxing authorities and creditors requesting information concerning the status of these proceedings. The time records do reflect the majority of the time expended in performing the services rendered to the estate. A summary of the time reports is attached hereto as **EXHIBIT 1A**.

18. <u>Skill Requisite to Perform the Accounting Services Properly</u>. To perform the services and obtain the results previously enumerated above; the Applicant required substantial forensic accounting skills, knowledge of the medical industry, knowledge of accounting and auditing standards, computer forensic skills, and experience in the bankruptcy arena. Applicant was required to work under very short time deadlines particularly regarding the TSA.

19. <u>Preclusion of Other Employment by the Accountants Due to Acceptance of the Case</u>. Applicant is aware of no other employment, which was precluded by the acceptance of this case. Had Applicant not accepted this appointment, the time spent on this case would have been devoted to other clients paying substantially the same hourly compensation on a current basis.

20.    <u>Customary Fee.</u>  Applicant is normally compensated on an hourly basis and customarily bills commercial clients on a monthly basis, based on hourly rates scaled from $75 per hour for para professionals to $475 per hour for partners.

21.    <u>Whether the Fee is Fixed or Contingent</u>.  As accountant for the Trustee, Applicant's compensation for handling this matter is entirely contingent on there being sufficient assets in the estate, on Court approval, and subject to such award as this Court may allow.

22.    <u>Experience, Reputation and Ability of the Accountant</u>.  Applicant is an established, experienced firm.  Applicant enjoys an excellent reputation and the individual accountants assigned to this case have demonstrated substantial ability and skill in the fields of accounting, forensic investigation, accounting and auditing, computer forensics and internal control.

23.    <u>Nature and Length of the Professional Relationship with the Client</u>.  The Applicant and/or his Partners have represented the Trustee in Chapter 11 & 7 cases since 1990.

24.    <u>Awards in Similar Cases</u>.  The amount prayed for by Applicant is not unreasonable in terms of awards in similar cases where comparable results have been obtained through the diligence and skill of the accountants.  The fees requested by the Applicant, computed at the rates indicated in **Exhibit 1A**, comport with the economic spirit of the Bankruptcy Code.

25.    Applicant respectfully represents that the reasonable value of services rendered to the estate through January 5, 2018, taking into account the relevant factors summarized above, including without limitation the hours of recorded time expended, is not less than **$24,190.50** as illustrated by the **<u>SUMMARY OF PROFESSIONAL AND PARAPROFESSIONAL TIME (Exhibit 1A)</u>**, and reasonable costs of **$246.42** as further illustrated by the **<u>SUMMARY OF REQUESTED REIMBURSEMENT OF EXPENSES AND DISBURSEMENTS (Exhibit 2).</u>**

**WHEREFORE**, the Applicant respectfully prays the court for an award of interim compensation for services rendered as accountant to the Trustee for the period of time from April

15, 2013 through January 5, 2018, in the amount of **$24,190.50** less a voluntary fee reduction of $**2,690.50** for a net fee request of $**21,500.00** and costs in the amount of **$246.42** plus holdbacks in the amount of **$313,353.09**, and further that the court authorize the prompt payment of the total fees and costs of **$335,099.51**.

<u>Certification</u>

1.    I have been designated by <u>Marcum LLP</u> (The "Applicant") as the professional with responsibility in this case for compliance with the Guidelines.

2.    I have read the Applicant's application for compensation and reimbursement of costs (the "Application").

3.    To the best of my knowledge, information, and belief formed after reasonable inquiry, the Application complies with the Guidelines.

4.    To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines, except as specifically noted in this Certification and described in the Application.

5.    Except to the extent that fees or disbursements are prohibited or restricted by the Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

6.    In providing a reimbursable service or disbursement (other than time charged for paraprofessionals and professionals), the Applicant does not make a profit on that service or disbursement (except to the extent that any such profit is included within the permitted allowable amounts set forth in the Guidelines for photocopies and facsimile transmission).

7.    In charging for a particular service or disbursement, the Applicant does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission).

8.    In seeking reimbursement for a service, which the Applicant justifiably purchased or contracted for, from a third party, the Applicant is requesting reimbursement only for the amount billed to the Applicant by the third-party vendor and paid by the Applicant to such vendor.

9.      The Trustee, the Debtor, the U.S. Trustee, and their respective counsel, will receive via electronic notice, simultaneously with the filing of the Application with the Court, a complete copy of the Application (including all relevant exhibits).

10.     The following are the variances with the provisions of the Guidelines, the date of the specific Court approval of such departure, and the justification for the departure: NONE

I HEREBY CERTIFY that the foregoing is true and correct.

/s/ John L. Heller

Dated:  March 2, 2018

JOHN L. HELLER
Marcum LLP
450 E. Las Olas Blvd., 9th Floor
Ft. Lauderdale, FL  33301
(954) 320-8000 (954) 320-8001

**08-19029-LMI Notice will be electronically mailed to:**

Ido J Alexander, Esq on behalf of Plaintiff Kenneth Welt
ialexander@aslawpllc.com, info@aslawpllc.com;aslawpllc@ecf.inforuptcy.com

Ido J Alexander, Esq on behalf of Plaintiff Kenneth A. Welt
ialexander@aslawpllc.com, info@aslawpllc.com;aslawpllc@ecf.inforuptcy.com

Ido J Alexander, Esq on behalf of Trustee Kenneth A Welt
ialexander@aslawpllc.com, info@aslawpllc.com;aslawpllc@ecf.inforuptcy.com

All Points Capital Corp.
gad@mdd-law.com

Thomas V. Askounis, Esq. on behalf of Creditor Agfa Healthcare Corporation
taskounis@askounisdarcy.com, mdebre@askounisdarcy.com

Nicholas B. Bangos, Esq. on behalf of Defendant Gonzalo J. Iravedra, P.A.
nbangos@diazreus.com

Alan R Barbee
ecf@marcumllp.com

Amanda L Barton on behalf of Plaintiff Kenneth A. Welt
abarton@mrthlaw.com, Legal@KnightCapitalFunding.com

Amanda L Barton on behalf of Trustee Kenneth A Welt
abarton@mrthlaw.com, Legal@KnightCapitalFunding.com

Jeffrey P. Bast, Esq. on behalf of Other Professional Kluger, Peretz, Kaplan & Berlin, P.L.
jbast@bastamron.com,
jdepina@bastamron.com;njones@bastamron.com;jmiranda@bastamron.com;dtimpone@bastamr
on.com;mdesvergunat@bastamron.com

David W Black, Esq on behalf of Attorney Frank Weinberg & Black, P.L.
dblack@fwblaw.net

Timothy R Bow on behalf of Trustee Kenneth A Welt
tbow@mrthlaw.com,
jgarey@mrthlaw.com,ycandia@mrthlaw.com,mrthbkc@gmail.com,ecfnotices@mrthlaw.com

Christine Bradfield on behalf of Creditor Medicare/ First Coast Service Options
christine.bradfield@hhs.gov

James M Brako on behalf of Defendant Palm Beach County Tax Collector
LegalServices@pbctax.com

Francis L. Carter, Esq. on behalf of Mediator Francis L. Carter
flc@katzbarron.com

David C. Cimo, Esq on behalf of Plaintiff Kenneth A Welt
dcimo@gjb-law.com, gjbecf@gjb-law.com

David C. Cimo, Esq on behalf of Plaintiff Kenneth A. Welt, Chapter 7 Trustee
dcimo@gjb-law.com, gjbecf@gjb-law.com

David C. Cimo, Esq on behalf of Special Counsel David C Cimo
dcimo@gjb-law.com, gjbecf@gjb-law.com

David C. Cimo, Esq on behalf of Special Counsel Jason S. Mazer
dcimo@gjb-law.com, gjbecf@gjb-law.com

David C. Cimo, Esq on behalf of Trustee Kenneth A Welt
dcimo@gjb-law.com, gjbecf@gjb-law.com

Mark D Cohen, Esq on behalf of Defendant Alejandro Bugnone
mdcohenpa@yahoo.com

Adrian C. Delancy on behalf of Plaintiff Kenneth A. Welt
adelancy@mrthlaw.com,
ycandia@mrthlaw.com,gruiz@mrthlaw.com,ecfnotices@mrthlaw.com;mrthbkc@gmail.com

Adrian C. Delancy on behalf of Trustee Kenneth A Welt
adelancy@mrthlaw.com,
ycandia@mrthlaw.com,gruiz@mrthlaw.com,ecfnotices@mrthlaw.com;mrthbkc@gmail.com

Gordon A Dieterle, Esq on behalf of Creditor All Points Capital Corp.
gad@mdd-law.com, hsl@mdd-law.com;jlp@mdd-law.com;legalservice@mdd-law.com;kjm@mdd-law.com

Stephen P. Drobny, Esq. on behalf of Creditor Sheridan Professional Centre, LTD, L.L.L.P.
sdrobny@joneswalker.com, tsnow@joneswalker.com;mroher@joneswalker.com

Larry M Foyle, Esq on behalf of Creditor GE Walker, Inc.
bankruptcynotices@kasslaw.com

Larry M Foyle, Esq on behalf of Defendant GE Walker, Inc.
bankruptcynotices@kasslaw.com

Robert N Gilbert, Esq. on behalf of Interested Party Triple Net Properties Realty, Inc.
rgilbert@cfjblaw.com, kdemar@cfjblaw.com;wpbecf@cfdom.net

Gregory S Grossman, Esq on behalf of Creditor General Electric Capital Corporation
ggrossman@astidavis.com, ngonzalez@astidavis.com

Gregory S Grossman, Esq on behalf of Defendant GE HEALTHCARE
ggrossman@astidavis.com, ngonzalez@astidavis.com

Gregory S Grossman, Esq on behalf of Defendant GENERAL ELECTRIC CAPITAL CORPORATION
ggrossman@astidavis.com, ngonzalez@astidavis.com

Pascale Guerrier on behalf of Defendant United States Of America
pascale.guerrier@usdoj.gov

Jordi Guso, Esq. on behalf of Creditor Merrill Lynch Commercial Finance Corp.
jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Ross R Hartog on behalf of Plaintiff Kenneth Welt
rhartog@mrthlaw.com,
ecfnotices@mrthlaw.com;ycandia@mrthlaw.com;gruiz@mrthlaw.com;mrthbkc@gmail.com;acastro@mrthlaw.com

Ross R Hartog on behalf of Plaintiff Kenneth A. Welt
rhartog@mrthlaw.com,
ecfnotices@mrthlaw.com;ycandia@mrthlaw.com;gruiz@mrthlaw.com;mrthbkc@gmail.com;aca
stro@mrthlaw.com

Ross R Hartog on behalf of Trustee Kenneth A Welt
rhartog@mrthlaw.com,
ecfnotices@mrthlaw.com;ycandia@mrthlaw.com;gruiz@mrthlaw.com;mrthbkc@gmail.com;aca
stro@mrthlaw.com

Hollie N Hawn, Esq on behalf of Creditor Broward County Revenue Collection Division
hhawn@broward.org, swulfekuhle@broward.org

John L. Heller
john.heller@marcumllp.com, fl03@ecfcbis.com

Aaron P. Honaker, Esq. on behalf of Defendant Virtual Imaging
lee-sin@salazarjackson.com;pacetti@salazarjackson.com

Aaron P. Honaker, Esq. on behalf of Defendant Virtual Imaging Corporation
lee-sin@salazarjackson.com;pacetti@salazarjackson.com

Aaron P. Honaker, Esq. on behalf of Defendant Virtual Imaging, Inc.
lee-sin@salazarjackson.com;pacetti@salazarjackson.com

John B. Hutton III, Esq. on behalf of Creditor Cardinal Health 414, LLC
huttonj@gtlaw.com, thompsonc@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com

John B. Hutton III, Esq. on behalf of Creditor First Insurance Funding Corp.
huttonj@gtlaw.com, thompsonc@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com

John B. Hutton III, Esq. on behalf of Defendant BDO Seidman, LLP
huttonj@gtlaw.com, mialitdock@gtlaw.com;miaecfbky@gtlaw.com

Paul J. Keenan, Jr., Esq. on behalf of Creditor Transwestern Douglas Entrance, LLC
keenanp@gtlaw.com, mialitdock@gtlaw.com;miaecfbky@gtlaw.com

Gary M Kurz on behalf of Creditor Medicare/ First Coast Service Options
gary.kurz@hhs.gov

Corali Lopez-Castro, Esq on behalf of Creditor Med-Lab Supply Company, Inc.
clc@kttlaw.com, rcp@kttlaw.com

Jerry M Markowitz on behalf of Plaintiff Kenneth Welt
jmarkowitz@mrthlaw.com,
rrubio@mrthlaw.com,mrthbkc@gmail.com,gruiz@mrthlaw.com,ycandia@mrthlaw.com

Jerry M Markowitz on behalf of Plaintiff Kenneth A. Welt
jmarkowitz@mrthlaw.com,
rrubio@mrthlaw.com,mrthbkc@gmail.com,gruiz@mrthlaw.com,ycandia@mrthlaw.com

Jerry M Markowitz on behalf of Trustee Kenneth A Welt
jmarkowitz@mrthlaw.com,
rrubio@mrthlaw.com,mrthbkc@gmail.com,gruiz@mrthlaw.com,ycandia@mrthlaw.com

Frank F McGinn, Esq on behalf of Creditor Iron Mountain Information Management, Inc.
ffm@bostonbusinesslaw.com

Miami-Dade County Tax Collector
mdtcbkc@miamidade.gov

Barry Mukamal
bankruptcy@marcumrachlin.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Coralee G Penabad, Esq. on behalf of Interested Party Rivann, LLC
cpenabad@h-plegal.com, vgarrigo@h-plegal.com;ahellinger@h-plegal.com

Coralee G Penabad, Esq. on behalf of Interested Party Harold Gobstein
cpenabad@h-plegal.com, vgarrigo@h-plegal.com;ahellinger@h-plegal.com

Coralee G Penabad, Esq. on behalf of Interested Party Stephen Ciancuilli
cpenabad@h-plegal.com, vgarrigo@h-plegal.com;ahellinger@h-plegal.com

Chad P Pugatch, Esq. on behalf of Defendant Harold Gobstein
cpugatch.ecf@rprslaw.com

Chad P Pugatch, Esq. on behalf of Defendant Stephen Cianciulli
cpugatch.ecf@rprslaw.com

Craig A. Pugatch, Esq on behalf of Defendant BAC Realty Group
capugatch.ecf@rprslaw.com

Craig A. Pugatch, Esq on behalf of Defendant Harold Gobstein
capugatch.ecf@rprslaw.com

Craig A. Pugatch, Esq on behalf of Defendant Stephen Cianciulli
capugatch.ecf@rprslaw.com

Craig A. Pugatch, Esq on behalf of Interested Party Harold Gobstein

capugatch.ecf@rprslaw.com

Craig A. Pugatch, Esq on behalf of Interested Party Stephen Ciancuilli
capugatch.ecf@rprslaw.com

Robert F. Reynolds on behalf of Creditor Digital Radiology, Inc.
rreynolds@slatkinreynolds.com, imalcolm@slatkinreynolds.com

Grace E. Robson, Esq. on behalf of Trustee Kenneth A Welt
grobson@mrthlaw.com, jgarey@mrthlaw.com,mrthbkc@gmail.com,sramirez@mrthlaw.com

Jay Sakalo, Esq. on behalf of Creditor Galloway Medical Park II Ltd.
jsakalo@bilzin.com, eservice@bilzin.com;lflores@bilzin.com

Carlos E. Sardi, Esq on behalf of Plaintiff Kenneth A Welt
csardi@gjb-law.com, gjbecf@gjb-law.com;ecastellanos@gjb-law.com

Carlos E. Sardi, Esq on behalf of Plaintiff Kenneth A. Welt
csardi@gjb-law.com, gjbecf@gjb-law.com;ecastellanos@gjb-law.com

Carlos E. Sardi, Esq on behalf of Trustee Kenneth A Welt
csardi@gjb-law.com, gjbecf@gjb-law.com;ecastellanos@gjb-law.com

Patrick S. Scott, Esq. on behalf of Debtor Cardiac Management Systems, Inc.
patrick.scott@gray-robinson.com

Zach B Shelomith on behalf of Trustee Kenneth A Welt
zshelomith@lslawfirm.net,
jleiderman@lslawfirm.net;fplechacdiaz@lslawfirm.net;dverde@lslawfirm.net

Gerald Silverman on behalf of Creditor Noel R Zusmer, MD
gsilver@bellsouth.net

Paul Steven Singerman, Esq on behalf of Creditor Merrill Lynch Commercial Finance Corp.
singerman@bergersingerman.com,
mdiaz@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Peter D Spindel on behalf of Defendant AC & S Transportation, Inc.
peterspindel@gmail.com, peterspindelcmecf@gmail.com

Frank Terzo, Esq. on behalf of Defendant IKON Financial Services
frank.terzo@gray-robinson.com, lnegron@gray-robinson.com;jennifer.phillips@gray-robinson.com

Charles W Throckmorton, Esq on behalf of Creditor Med-Lab Supply Company, Inc.
cwt@kttlaw.com, lf@kttlaw.com;ycc@kttlaw.com

Richard B Webber, II on behalf of Defendant VALERIO & RAIMONDI CPA
rwebber@zkslawfirm.com, jconcannon@zkslawfirm.com;service@zkslawfirm.com

Richard B Webber, II on behalf of Defendant VALERIO & RAIMONDI, CPA'S, P.C.
rwebber@zkslawfirm.com, jconcannon@zkslawfirm.com;service@zkslawfirm.com

Richard B Webber, II on behalf of Defendant VALERIO & RAIMONDI, P.C.
rwebber@zkslawfirm.com, jconcannon@zkslawfirm.com;service@zkslawfirm.com

Roy L. Weinfeld on behalf of Defendant AT&T
rlw@weinfeldlaw.com

Roy L. Weinfeld on behalf of Defendant AT&T Corp.
rlw@weinfeldlaw.com

Roy L. Weinfeld on behalf of Defendant American Telephone and Telegraph Company
rlw@weinfeldlaw.com

Kenneth A Welt
fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net;court@trusteeservices.biz

George L. Zinkler on behalf of Creditor Siemens Financial Services Inc
gzinkler.ecf@rprslaw.com

George L. Zinkler on behalf of Creditor Siemens Medical Solutions USA Inc
gzinkler.ecf@rprslaw.com

Eric B Zwiebel, Esq on behalf of Defendant GE Capital Commercial, Inc., successor to Citicorp
Vendor Finance, Inc.
ezwiebel@bellsouth.net, aimcurt@bellsouth.net

EXHIBIT 1A

Summary of Professional And
Paraprofessional Time

**Partners**

| Name: | Title | Total Hours | Hourly Rate | Total Fee |
|---|---|---|---|---|
| Alan R. Barbee, CPA, 2001 | Partner | 8.6 | 375.00 | 3,225.00 |
| Alan R. Barbee, CPA, 2001 | Partner | 0.3 | 400.00 | 120.00 |
| **Subtotals:** | | **8.9** | | **$      3,345.00** |

**Professionals**

| Name: | Title | Total Hours | Hourly Rate | Total Fee |
|---|---|---|---|---|
| Janet Pritchard | Associate | 8.4 | 105.00 | 882.00 |
| Janet Pritchard | Associate | 0.6 | 110.00 | 66.00 |
| Jonathan Charles Eargle | Senior Advisor | 2.6 | 175.00 | 455.00 |
| John Heller, CPA | Director | 10.1 | 360.00 | 3,636.00 |
| John Heller, CPA | Director | 12.1 | 375.00 | 4,537.50 |
| John Heller, CPA | Director | 0.5 | 390.00 | 195.00 |
| Kathy Foster | Manager | 12.0 | 250.00 | 3,000.00 |
| Kathy Foster | Manager | 14.5 | 265.00 | 3,842.50 |
| Lupe Arce-Solorzano | Associate | 0.8 | 75.00 | 60.00 |
| Lupe Arce-Solorzano | Associate | 0.3 | 80.00 | 24.00 |
| Lupe Arce-Solorzano | Associate | 12.8 | 85.00 | 1,088.00 |
| Lupe Arce-Solorzano | Associate | 4.0 | 100.00 | 400.00 |
| Lupe Arce-Solorzano | Associate | 4.1 | 120.00 | 492.00 |
| Richard M. Weingarten | Supervisor | 1.4 | 235.00 | 329.00 |
| Samuel Roman | Staff Accountant | 0.3 | 145.00 | 43.50 |
| Teresa A. Licamara, CPA, 2001 | Senior Manager | 0.9 | 290.00 | 261.00 |
| Teresa A. Licamara, CPA, 2001 | Senior Manager | 3.8 | 320.00 | 1,216.00 |
| Teresa A. Licamara, CPA, 2001 | Senior Manager | 0.7 | 340.00 | 238.00 |
| **Subtotals:** | | **89.9** | | **$    20,765.50** |

**Paraprofessionals**

| Name: | | Total Hours | Hourly Rate | Total Fee |
|---|---|---|---|---|
| Cherryl L. McGlynn | | 1.0 | 80.00 | 80.00 |
| **Subtotals:** | | **1.0** | | **$          80.00** |

| **TOTALS:** | | **99.8** | | **$    24,190.50** |
|---|---|---|---|---|

| **Total Hours by Professionals and Paraprofessionals:** | **99.8** |
|---|---|
| **"Blended" Hourly Rate:** | **$        242.39** |
| **Total Professionals and Paraprofessionals Fees:** | **$    24,190.50** |

EXHIBIT 1B

Summary of Professional And
Paraprofessional Time By
Activity Code Category

**ACTIVITY CODE CATEGORY:  Case Administration**

|  | | **Hours** | **Rate** | **Total Fee** |
|---|---|---|---|---|
| **Partners:** | | | | |
| | Alan R. Barbee, CPA, 2001 | 0.9 | 375.00 | 337.50 |
| **Professionals:** | | | | |
| | Teresa A. Licamara, CPA, 2001 | 0.5 | 340.00 | 170.00 |
| | Janet J. Pritchard | 0.6 | 110.00 | 66.00 |
| | **MATTER TOTALS:** | **2.0** | | **573.50** |

**ACTIVITY CODE CATEGORY:  Fee Applications**

|  | | **Hours** | **Rate** | **Total Fee** |
|---|---|---|---|---|
| **Partners:** | | | | |
| | Alan R. Barbee, CPA, 2001 | 1.4 | 375.00 | 525.00 |
| **Professionals:** | | | | |
| | John L. Heller, CPA | 6.2 | 375.00 | 2,325.00 |
| | John L. Heller, CPA | 0.5 | 390.00 | 195.00 |
| | Teresa A. Licamara, CPA, 2001 | 0.3 | 290.00 | 87.00 |
| | Janet J. Pritchard | 7.2 | 105.00 | 756.00 |
| | Lupe Arce-Solorzano | 7.0 | 85.00 | 595.00 |
| | Lupe Arce-Solorzano | 4.0 | 100.00 | 400.00 |
| | Lupe Arce-Solorzano | 4.1 | 120.00 | 492.00 |
| | **MATTER TOTALS:** | **30.7** | | **5,375.00** |

**ACTIVITY CODE CATEGORY:  Litigation Consulting**

|  | | **Hours** | **Rate** | **Total Fee** |
|---|---|---|---|---|
| **Professionals:** | | | | |
| | Teresa A. Licamara, CPA, 2001 | 3.2 | 320.00 | 1,024.00 |
| | Janet J. Pritchard | 1.0 | 105.00 | 105.00 |
| | **MATTER TOTALS:** | **4.2** | | **1,129.00** |

**ACTIVITY CODE CATEGORY:  Tax Issues**

|  | | **Hours** | **Rate** | **Total Fee** |
|---|---|---|---|---|
| **Partners:** | | | | |
| | Alan R. Barbee, CPA, 2001 | 6.3 | 375.00 | 2,362.50 |
| | Alan R. Barbee, CPA, 2001 | 0.3 | 400.00 | 120.00 |
| **Professionals:** | | | | |
| | Janet Pritchard | 0.2 | 105.00 | 21.00 |
| | John L. Heller, CPA | 10.1 | 360.00 | 3,636.00 |
| | John L. Heller, CPA | 5.9 | 375.00 | 2,212.50 |
| | Jonathan Charles Eargle | 2.6 | 175.00 | 455.00 |
| | Kathy Foster | 12.0 | 250.00 | 3,000.00 |
| | Kathy Foster | 14.5 | 265.00 | 3,842.50 |
| | Lupe Arce-Solorzano | 0.8 | 75.00 | 60.00 |
| | Lupe Arce-Solorzano | 0.3 | 80.00 | 24.00 |
| | Lupe Arce-Solorzano | 5.8 | 85.00 | 493.00 |
| | Richard M. Weingarten | 1.4 | 235.00 | 329.00 |
| | Samuel Roman | 0.3 | 145.00 | 43.50 |
| | Teresa A. Licamara, CPA, 2001 | 0.6 | 290.00 | 174.00 |
| | Teresa A. Licamara, CPA, 2001 | 0.6 | 320.00 | 192.00 |
| | Teresa A. Licamara, CPA, 2001 | 0.2 | 340.00 | 68.00 |

EXHIBIT 1B

Summary of Professional And
Paraprofessional Time By
Activity Code Category

**Paraprofessionals:**

| | | | |
|---|---|---|---|
| Cherryl L. McGlynn | 1.0 | 80.00 | 80.00 |
| **MATTER TOTALS:** | **62.9** | | **17,113.00** |
| **TOTALS:** | **99.8** | **$** | **24,190.50** |

EXHIBIT 2

Summary of Requested Reimbursement of Expenses
And Disbursements Prepared In Accordance With,
And Allowable Under The Guidelines For Fees And
Disbursements for Professionals

| | | |
|---|---|---|
| Administrative & Technology | $ | 13.60 |
| Messenger/Delivery | | 52.82 |
| Storage | | 180.00 |
| | | |
| **TOTAL GROSS AMOUNT OF REQUESTED DISBURSEMENTS:** | **$** | **246.42** |

EXHIBIT 3

The Applicant's complete time records, in chronological order
by activity code category, for the time period covered by the application.
The requested fees are itemized to the tenth of an hour.

| Category | Staff | Date | Time | Rate | Amount | Description |
|---|---|---|---|---|---|---|
| Case Administration | Barbee | 04/15/13 | 0.3 | 375.00 | 112.50 | Phone Trustee and counsel regarding case closing. |
| Case Administration | Barbee | 05/20/13 | 0.6 | 375.00 | 225.00 | Prepare for (.2) and phone counsel (.4) regarding remaining issues for case closing and fee applications. |
| Case Administration | Pritchard | 07/14/14 | 0.6 | 110.00 | 66.00 | Review request for invoices; review Records Index to isolate pertinent records; correspondence with ARB and TAL. |
| Case Administration | Licamara | 10/14/14 | 0.3 | 340.00 | 102.00 | Receive inquiry from counsel re employee's and attempt to locate documents to provide data for same. |
| Case Administration | Licamara | 10/15/14 | 0.2 | 340.00 | 68.00 | With ARB and JP re research for employee inquiry by counsel. |
| **Category Subtotal** | | | **2.0** | | **$    573.50** | |
| Fee Applications | Pritchard | 04/16/13 | 3.0 | 105.00 | 315.00 | Prepare Exhibits to Fifth Interim Fee Application. |
| Fee Applications | Pritchard | 04/17/13 | 3.0 | 105.00 | 315.00 | Draft Fifth Interim Fee Application. |
| Fee Applications | Pritchard | 05/13/13 | 1.2 | 105.00 | 126.00 | Revise Fifth Interim Fee Application. |
| Fee Applications | Licamara | 06/04/13 | 0.3 | 290.00 | 87.00 | Updates to fifth interim fee application and finalize for filing. |
| Fee Applications | Barbee | 06/10/13 | 0.4 | 375.00 | 150.00 | Supervise preparation of fifth interim fee application. |
| Fee Applications | Barbee | 07/08/13 | 1.0 | 375.00 | 375.00 | Attend hearing on Fifth Interim Fee Application. |
| Fee Applications | Arce-Solorzano | 01/09/15 | 2.0 | 85.00 | 170.00 | Preparation of Final Fee Application |
| Fee Applications | Arce-Solorzano | 01/12/15 | 5.0 | 85.00 | 425.00 | Continue preparation of Final Fee Application and reconciling holdback amounts |
| Fee Applications | Heller | 07/07/16 | 2.2 | 375.00 | 825.00 | Research case status and pleadings and contact Counsel. |
| Fee Applications | John L. Heller | 07/20/16 | 2.20 | 375.00 | 825.00 | Continue to direct preparation of final fee app. |
| Fee Applications | Arce-Solorzano | 07/21/16 | 4.0 | 100.00 | 400.00 | Update Final Fee Application |
| Fee Applications | John L. Heller | 07/22/16 | 1.80 | 375.00 | 675.00 | Continue final fee review. |
| Fee Applications | Arce-Solorzano | 01/04/18 | 1.6 | 120.00 | 192.00 | Update Final Exhibits |
| Fee Applications | Arce-Solorzano | 01/05/18 | 2.5 | 120.00 | 300.00 | Update Final Fee Application |
| Fee Applications | Heller | 01/05/18 | 0.5 | 390.00 | 195.00 | Review Updated Final Fee Application |
| **Category Subtotal** | | | **30.7** | | **$   5,375.00** | |
| Litigation Consulting | Licamara | 11/07/13 | 1.5 | 320.00 | 480.00 | Receive email from counsel regarding 90 day targets and confirmation of amounts; Analyze previous disbursement lists and provide updated schedules for targets as requested by counsel. |
| Litigation Consulting | Licamara | 12/03/13 | 0.4 | 320.00 | 128.00 | Receive email from counsel regarding litigation targets and analysis for same, research and provide data to counsel. |

EXHIBIT 3

The Applicant's complete time records, in chronological order
by activity code category, for the time period covered by the application.
The requested fees are itemized to the tenth of an hour.

| Litigation Consulting | Licamara | 07/16/14 | 1.3 | 320.00 | 416.00 | Receive inquiry from counsel, investigate documents recovered from Debtor to provide to counsel for target Gonzalo and email same to counsel. |
|---|---|---|---|---|---|---|
| Litigation Consulting | Pritachrd | 10/14/14 | 1.0 | 105.00 | 105.00 | Search payroll records for references to employee "Maruja Santiago". |
| **Bankruptcy - Litigation Consulting Total** | | | **4.2** | | **$   1,129.00** | |
| | | | | | | |
| Tax Issues | Foster | 04/15/13 | 1.8 | 250.00 | 450.00 | Analyze previous CT-3-S tax filings and prepare letter to State of NY re: fixed dollar minimum tax penalties and interest FYEs 9/30/09-11 and to JP for printing and processing |
| Tax Issues | Foster | 04/17/13 | 0.2 | 250.00 | 50.00 | Reminder to JP and telephone call w/AB re: NY State Department of Revenue penalties and Marcum letter in response; discuss w/AB |
| Tax Issues | Barbee | 04/17/13 | 0.2 | 375.00 | 75.00 | Final review and execute response to New York State notice. |
| Tax Issues | Foster | 04/23/13 | 1.1 | 250.00 | 275.00 | Amend FYE 9/30/09 NYS CT-3-S to be a FINAL return, per collection notices received from NYS |
| Tax Issues | Foster | 04/24/13 | 7.0 | 250.00 | 1,750.00 | Finalize FYE 9/30/09 amended final NY CT-3-S, finalize FYE 9/30/12 books and prepare 2011 income tax return; both to CR for review |
| Tax Issues | Foster | 04/25/13 | 1.2 | 250.00 | 300.00 | Review/save Aventura Diag. FDOR notice already responded to re: 1st Qtr 2009 UCT6; prepare letter to IRS re: PP Diag 1065 late penalty notice re: FYE 9/30/11, review/save IRS notice (tax form/period not identified) |
| Tax Issues | Barbee | 05/01/13 | 0.7 | 375.00 | 262.50 | Supervise preparation of 2011 income tax return (Form 1120S). |
| Tax Issues | Arce-Solorzano | 05/03/13 | 0.4 | 75.00 | 30.00 | Assembly 2011 1120 tax return |
| Tax Issues | Barbee | 05/28/13 | 0.5 | 375.00 | 187.50 | Final review and execute federal income tax return for the period ending 9/30/12 (Form 1120S) |
| Tax Issues | Arce-Solorzano | 05/28/13 | 0.4 | 75.00 | 30.00 | Bankruptcy - Tax Issues |
| Tax Issues | Barbee | 05/29/13 | 0.5 | 375.00 | 187.50 | Final review and execute amended final NY State income tax return in connection with NY State claim. |
| Tax Issues | Foster | 06/04/13 | 0.2 | 250.00 | 50.00 | Respond to Trustee questions re: mailing FYE 9/30/12 K1's, including discussion w/processor |
| Tax Issues | Pritchard | 06/06/13 | 0.2 | 105.00 | 21.00 | Update tax documents with response to IRS notices. |
| Tax Issues | Foster | 06/17/13 | 0.2 | 250.00 | 50.00 | Telephone call with Beverly Gladman (Cardiac shareholder) re: K-1 timing |
| Tax Issues | Licamara | 06/26/13 | 0.4 | 290.00 | 116.00 | Receive email regarding tax inquiry, research and respond to same. |
| Tax Issues | Foster | 07/01/13 | 0.1 | 250.00 | 25.00 | Review and save IRS acknowledgment re: 9/30/11 Form 1065 for Pembroke Pines Diagnostic Marcum letter 4/25/13 |

EXHIBIT 3

The Applicant's complete time records, in chronological order
by activity code category, for the time period covered by the application.
The requested fees are itemized to the tenth of an hour.

| | | | | | | |
|---|---|---|---|---|---|---|
| Tax Issues | Licamara | 07/01/13 | 0.2 | 290.00 | 58.00 | Receive and read tax notice and coordinate for response to same. |
| Tax Issues | Foster | 07/25/13 | 0.2 | 250.00 | 50.00 | Review & save IRS notice re Pem Pines Diagnostic 9/30/11 YE tax return late filing penalties; cleanup S: drive |
| Tax Issues | Foster | 10/23/13 | 0.2 | 265.00 | 53.00 | Review file and request Forms 1 & 2 for FYE 9/30/13 return preparation |
| Tax Issues | Foster | 11/14/13 | 0.2 | 265.00 | 53.00 | Review Forms 1 & 2 received from Trustee and print/save for FYE 9/30/13 tax preparation |
| Tax Issues | Foster | 11/16/13 | 3.5 | 265.00 | 927.50 | Write-up FYE 9/30/13 and email to TAL/AB for additional info needed to complete 1120S |
| Tax Issues | Licamara | 11/18/13 | 0.5 | 320.00 | 160.00 | Receive and read questions from tax department re preparation of 2012 (FYE 9/30/13) tax return and begin to investigate responses to assist with preparation of tax return. |
| Tax Issues | Roman | 11/22/13 | 0.3 | 145.00 | 43.50 | Extension Preparation - Prepared Form 7004 for filing |
| Tax Issues | Foster | 11/25/13 | 0.1 | 265.00 | 26.50 | Coordinate 2012 extension filing |
| Tax Issues | Foster | 11/26/13 | 0.1 | 265.00 | 26.50 | Review AH 2012 extension processing and coordinate filing |
| Tax Issues | Foster | 11/27/13 | 0.1 | 265.00 | 26.50 | Follow up re: info needed for 9/30/13 tax return prep |
| Tax Issues | Foster | 12/11/13 | 0.3 | 265.00 | 79.50 | Discuss FYE 9/30/13 tax issues w/AB, request fees paid from Trust account from JP |
| Tax Issues | Barbee | 12/11/13 | 0.5 | 375.00 | 187.50 | Meeting KF and supervise preparation of 2012 income tax returns. |
| Tax Issues | Foster | 03/14/14 | 0.1 | 265.00 | 26.50 | Conversation w/TAL re: shareholder CPA telephone call |
| Tax Issues | Foster | 03/17/14 | 0.4 | 265.00 | 106.00 | Listen to voicemail from stockholder Manfred Korman's CPA, call & email to advise re expected K-1 income FYE 09/30/13 |
| Tax Issues | Barbee | 03/18/14 | 2.0 | 375.00 | 750.00 | Review and respond to counsel regarding tax filings and K-1's. |
| Tax Issues | Foster | 04/03/14 | 0.1 | 265.00 | 26.50 | Assist LA with K-1 estimate issues re: Charles Rullen |
| Tax Issues | Foster | 05/08/14 | 2.4 | 265.00 | 636.00 | Finalize FYE 9/30/13 books per info received, prepare Form 1120S |
| Tax Issues | Foster | 05/09/14 | 2.2 | 265.00 | 583.00 | Prepare FYE 9/30/13 Form 1120S and to AB for review |
| Tax Issues | Foster | 06/05/14 | 0.6 | 265.00 | 159.00 | Telephone discussion w/AB re: review of FYE 9/30/13 return, including research re: payment to Merrill Lynch and pooling agreement |
| Tax Issues | Barbee | 06/05/14 | 1.0 | 375.00 | 375.00 | Supervise preparation of FYE 9/30/13 US Income Tax Return |
| Tax Issues | Foster | 06/06/14 | 2.5 | 265.00 | 662.50 | Revise FYE 9/30/13 books and tax return per AB review, coordinate review and delivery |
| Tax Issues | Weingarten | 06/06/14 | 1.4 | 235.00 | 329.00 | Review 9/30/13 1120S. |
| Tax Issues | Foster | 06/09/14 | 0.6 | 265.00 | 159.00 | Telephone call w/AB and revise Trustee address on Form 1120S, send to CMG for processing |

EXHIBIT 3

The Applicant's complete time records, in chronological order
by activity code category, for the time period covered by the application.
The requested fees are itemized to the tenth of an hour.

| Tax Issues | Barbee | 06/09/14 | 0.9 | 375.00 | 337.50 | Cardiac - Supervise preparation of and execute 2012 (FYE 9/30/13) income tax return (.8) Correspondence Trustees office regarding shareholder inquiry (.1) |
| Tax Issues | McGlynn | 06/09/14 | 1.0 | 80.00 | 80.00 | 2012 Form 1120S Tax Return |
| Tax Issues | Licamara | 06/12/14 | 0.1 | 320.00 | 32.00 | Call from partner regarding final tax return. |
| Tax Issues | Foster | 06/17/14 | 0.4 | 265.00 | 106.00 | Email from Trustee/AB re: 09.30.13 K1 delivery to stockholders, and consult w/CMG re: label printing and envelopes for mailing (to assist Trustee with delivery issues) |
| Tax Issues | Foster | 06/17/14 | 0.1 | 265.00 | 26.50 | Telephone call w/(investor) Mrs. Gladman re: status of K-1's 2012 and final tax return |
| Tax Issues | Foster | 06/18/14 | 0.1 | 265.00 | 26.50 | Telephone conversation w/shareholder Manny Korman's CPA re: 2012 K-1 |
| Tax Issues | Foster | 06/23/14 | 0.3 | 265.00 | 79.50 | Telephone call with Mrs. Harold Gobstein (Cardiac stockholder) re: FYE 9/30/13 Schedule K-1 |
| Tax Issues | Arce-Solorzano | 06/25/14 | 0.3 | 80.00 | 24.00 | Bookmark FYE 09/30/13 workpapers and download from GFR to S Drive |
| Tax Issues | Foster | 07/11/14 | 0.2 | 265.00 | 53.00 | FYE 9/30/13 K-1 to Stephen Cianciulli per his request |
| Tax Issues | Licamara | 09/12/14 | 0.2 | 340.00 | 68.00 | Call with S Cianciulli re tax return and follow up email to ARB re same. |
| Tax Issues | Barbee | 10/14/14 | 0.3 | 400.00 | 120.00 | Review and respond to counsel regarding case closing and employee information for 401K. Planning final income tax filings. |
| Tax Issues | Heller | 10/27/14 | 0.4 | 360.00 | 144.00 | Correspond with Trustee assistant regarding needed Form 2 for income taxes and plan income tax preparation. |
| Tax Issues | Eargle | 10/27/14 | 0.3 | 175.00 | 52.50 | Cf. with Trustee re: documentation; Began preparation of 2014 tax return |
| Tax Issues | Eargle | 11/03/14 | 0.2 | 175.00 | 35.00 | Received documentation from Trustee |
| Tax Issues | Heller | 11/06/14 | 0.9 | 360.00 | 324.00 | Continue to direct preparation of 2014 income tax return. |
| Tax Issues | Eargle | 11/06/14 | 2.1 | 175.00 | 367.50 | Finalized 2014 1120S tax return with attachments; Forward to J. Heller for review |
| Tax Issues | Heller | 12/19/14 | 0.7 | 360.00 | 252.00 | Initial review of 9/30/2014 final income tax return. |
| Tax Issues | Arce-Solorzano | 01/06/15 | 2.0 | 85.00 | 170.00 | Process 2014 Final 1120S Tax Return and process all K-1s |
| Tax Issues | Heller | 01/07/15 | 0.9 | 360.00 | 324.00 | Continue to resolve final income tax return issues. |
| Tax Issues | Heller | 01/08/15 | 0.9 | 360.00 | 324.00 | Execution and final review of 09/30/2014 Final US Corporation Income Tax Return (Form 1120S) along with applicable requests for prompt determination of tax liability under §505(b). |
| Tax Issues | Arce-Solorzano | 02/06/15 | 0.3 | 85.00 | 25.50 | Meeting with JLH re tax notice |
| Tax Issues | Heller | 02/06/15 | 0.7 | 360.00 | 252.00 | Review IRS correspondence and assessment regarding 2009 and 2011 1102S and set for FAC response. |

EXHIBIT 3

The Applicant's complete time records, in chronological order
by activity code category, for the time period covered by the application.
The requested fees are itemized to the tenth of an hour.

| | | | | | | |
|---|---|---|---|---|---|---|
| Tax Issues | Arce-Solorzano | 02/09/15 | 0.3 | 85.00 | 25.50 | Prepare response to IRS Notice forms 1120S YE 09/30/11 & 09/30/13 |
| Tax Issues | Arce-Solorzano | 02/10/15 | 0.3 | 85.00 | 25.50 | Process response to tax notice, file and deliver |
| Tax Issues | Arce-Solorzano | 03/31/15 | 0.9 | 85.00 | 76.50 | Prepare responses to tax notices for CG DTG LLC 09/30/09 & PP DTG LLC 09/30/08, 09/30/09 & 09/30/11 |
| Tax Issues | Heller | 03/31/15 | 1.2 | 360.00 | 432.00 | Review incoming IRS Notices and set for responses. |
| Tax Issues | Arce-Solorzano | 04/02/15 | 0.7 | 85.00 | 59.50 | Process tax notice letters, upload to client's file and deliver |
| Tax Issues | Heller | 04/02/15 | 1.5 | 360.00 | 540.00 | Review and execute responses to IRS demands regarding Pemboke Pines Diagnostic , 2008, 2009 and 2011 and Coral Gables Diagnostic 2009 late filing penalties on their income tax returns. |
| Tax Issues | Heller | 04/10/15 | 0.5 | 360.00 | 180.00 | Review incoming IRS correspondence and direct response thereto. |
| Tax Issues | Arce-Solorzano | 04/29/15 | 0.5 | 85.00 | 42.50 | Respond to tax notice re file of form 1120S YE 09.30.14 |
| Tax Issues | Arce-Solorzano | 05/01/15 | 0.3 | 85.00 | 25.50 | Update tax notice response |
| Tax Issues | Arce-Solorzano | 05/20/15 | 0.5 | 85.00 | 42.50 | Assemble response to IRS Notice for PP DTG LLC 09/30/09, deliver and scan to client's file |
| Tax Issues | Heller | 05/20/15 | 0.6 | 360.00 | 216.00 | Direct staff with response to 2009 late filed assessment. |
| Tax Issues | Heller | 06/10/15 | 0.4 | 360.00 | 144.00 | Review and research incoming IRS letter regarding 9/11/2011 1120 and set for response. |
| Tax Issues | Heller | 07/08/15 | 1.4 | 360.00 | 504.00 | Review incoming IRS demand correspondence regarding income tax returns.  Research and set for responses. |
| Tax Issues | Heller | 10/01/15 | 1.3 | 375.00 | 487.50 | Correspond with partner Hope Houssani regarding 2013 final K-1 |
| Tax Issues | Heller | 02/26/16 | 3.5 | 375.00 | 1,312.50 | Review Trustee Form 2 from October 1, 2014 to date to determine if additional tax returnS required.  Research and respond to Trustee request from K-1 shareholders. |
| Tax Issues | Heller | 03/09/16 | 1.1 | 375.00 | 412.50 | Continue to review tax status. |
| **Category Subtotal** | | | **62.9** | | **$   17,113.00** | # |
| | | | | | | |
| **Total Fees:** | | | **99.8** | | **$   24,190.50** | |
| | | | | | | |
| | | | | | | |
| Messenger/Delivery | | 06/13/13 | 1.0 | | 10.04 | FedEx Inv#2-292-36526   5/28/13 |
| Messenger/Delivery | | 06/13/13 | 1.0 | | 11.01 | FedEx Inv#2-292-36526   5/29/13 |
| Storage | | 07/09/13 | 1.0 | | 6.00 | Storage Charges for April 2013 (8 boxes) |
| Storage | | 07/09/13 | 1.0 | | 6.00 | Storage Charges for May 2013 (8 boxes) |
| Storage | | 07/11/13 | 1.0 | | 6.00 | Storage For June 2013 (8 Boxes) |
| Storage | | 07/15/13 | 1.0 | | 6.00 | Storage for July 2013 (8 Boxes) |
| Storage | | 08/14/13 | 1.0 | | 6.00 | Storage for August 2013 (8 boxes) |
| Storage | | 09/16/13 | 1.0 | | 6.00 | Storage charges for Sept. 2013  (8 boxes) |
| Storage | | 10/14/13 | 1.0 | | 6.00 | Storage Charges for October 2013 (8 boxes) |
| Storage | | 11/18/13 | 1.0 | | 6.00 | Storage charges for November 2013 (8 boxes) |

EXHIBIT 3

The Applicant's complete time records, in chronological order
by activity code category, for the time period covered by the application.
The requested fees are itemized to the tenth of an hour.

| | | | | | | |
|---|---|---|---|---|---|---|
| Storage | | 12/31/13 | 1.0 | | 6.00 | Storage charges for December 2013 (8 boxes) |
| Storage | | 01/13/14 | 1.0 | | 6.00 | Storage Charges for January 2014 (8 boxes) |
| Storage | | 05/01/14 | 1.0 | | 6.00 | Storage Charges for February 2014 (8 boxes) |
| Storage | | 05/16/14 | 1.0 | | 6.00 | Storage Charges for March 2014 (8 boxes) |
| Storage | | 05/23/14 | 1.0 | | 6.00 | Storage Charges for April 2014(8 boxes) |
| Storage | | 05/30/14 | 1.0 | | 6.00 | Storage Charges for May 2014 (8 boxes) |
| Administrative & Technology | | 06/04/14 | 1.0 | | 13.60 | Pacer charges for 4th Qtr 2013 |
| Messenger/Delivery | | 06/17/14 | 1.0 | | 14.31 | FedEx Inv#2-687-49040 6/9/2014 |
| Storage | | 06/27/14 | 1.0 | | 6.00 | Storage for the month of June 2014 (8 boxes) |
| Storage | | 10/02/14 | 1.0 | | 6.00 | Storage charge for July 2014 (8 boxes) |
| Storage | | 10/03/14 | 1.0 | | 6.00 | Storage charge for August 2014 (8 boxes) |
| Storage | | 10/13/14 | 1.0 | | 6.00 | Storage Charges for September 2014 (8 boxes) |
| Storage | | 11/05/14 | 1.0 | | 6.00 | Storage Charges for October 2014(8 boxes) |
| Storage | | 11/26/14 | 1.0 | | 6.00 | Storage Charges for November 2014 (8 boxes) |
| Storage | | 01/05/15 | 1.0 | | 6.00 | Storage Charges for December 2014 (8 boxes) |
| Messenger/Delivery | | 01/13/15 | 1.0 | | 17.46 | FedEx Inv#2-904-23435  1/8/2015 |
| Storage | | 03/10/15 | 1.0 | | 6.00 | Storage Charges January 2015 (8 boxes) |
| Storage | | 03/16/15 | 1.0 | | 6.00 | Storage Charges February 2015 (8 boxes) |
| Storage | | 03/30/15 | 1.0 | | 6.00 | Storage Charges March 2015 (8 boxes) |
| Storage | | 06/04/15 | 1.0 | | 6.00 | Storage Charges for April 2015 (8 boxes) |
| Storage | | 06/05/15 | 1.0 | | 6.00 | Storage Charges May 2015 (8 boxes) |
| Storage | | 06/25/15 | 1.0 | | 6.00 | Storage Charges June 2015 (8 boxes) |
| Storage | | 07/20/15 | 1.0 | | 6.00 | Storage Charges July 2015 (8 boxes) |
| Storage | | 08/27/15 | 1.0 | | 6.00 | Storage charges for August 2015 (8 boxes) |
| Storage | | 09/27/15 | 1.0 | | 6.00 | Storage charges for September 2015 (8 boxes) |
| **Total Expenses:** | | | | $ | **246.42** | |
| | | | | | | |
| **TOTAL FEES AND EXPENSES:** | | | | $ | **24,436.92** | |